UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| CONTINENTAL CASUALTY COMPANY,<br><br>Plaintiff<br><br>v.<br><br>STUART H. SOJCHER, ESQ., FIRST AMERICAN TITLE INSURANCE COMPANY, CHESTNUT HILL MORTGAGE & REALTY, INC. AND SD CORPORATION | ) | Civil Action No. 07-CV-11598 RGS |

**ANSWER AND COUNTERCLAIM OF**
**<u>DEFENDANT STUART H. SOJCHER TO COMPLAINT</u>**

Pursuant to Fed. R. Civ. P. 8, Defendant Stuart H. Sojcher ("Sojcher" or "Defendant") hereby answers the Complaint filed by Plaintiff Continental Casualty Company ("Continental" or "Plaintiff").

1. Sojcher is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint.

2. Sojcher is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint.

3. Sojcher is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint.

4. Admitted.

5. Sojcher is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint.

6. Sojcher is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint.

7. Sojcher is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint.

8. Sojcher is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint.

9. Sojcher is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint.

10. Sojcher is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint.

11. Sojcher is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint.

12. Sojcher admits that he practiced real estate law in Boston, Massachusetts.

13. Sojcher admits that he was a title insurance issuing agent of First American.

14. Sojcher is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint.

15. Sojcher admits that he and First American were parties to an issuing agency agreement.

16. Sojcher admits that he was permitted to issue First American title insurance policies.

17. Sojcher is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint.

18. Sojcher is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint.

19. Sojcher states that the First American Complaint speaks for itself. Sojcher states that the Policy speaks for itself. Sojcher otherwise denies the allegations contained in Paragraph 19 of the Complaint.

20. Sojcher states that the First American Complaint speaks for itself. Sojcher states that the Policy speaks for itself. Sojcher otherwise denies the allegations contained in Paragraph 20 of the Complaint.

21. Sojcher admits the allegation that he acted as counsel to Chestnut Hill, SD Corporation, and Stuart Levey.

22. Sojcher states that the Chestnut Hill Complaint speaks for itself. Sojcher otherwise denies the allegations contained in Paragraph 22 of the Complaint.

23. Sojcher is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint.

24. Sojcher states that the Chestnut Hill Complaint speaks for itself. Sojcher otherwise denies the allegations contained in Paragraph 24 of the Complaint.

25. Sojcher states that the Chestnut Hill Complaint speaks for itself. Sojcher otherwise denies the allegations contained in Paragraph 25 of the Complaint.

26. Sojcher states that the Chestnut Hill Complaint speaks for itself. Sojcher otherwise denies the allegations contained in Paragraph 26 of the Complaint.

27. Sojcher states that the Chestnut Hill Complaint speaks for itself. Sojcher otherwise denies the allegations contained in Paragraph 27 of the Complaint.

28. Sojcher is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint.

29. Sojcher states that the Policy speaks for itself. Sojcher otherwise denies the allegations contained in Paragraph 29 of the Complaint.

30. Sojcher states that the Policy speaks for itself. Sojcher otherwise denies the allegations contained in Paragraph 30 of the Complaint.

31. Sojcher states that the Policy speaks for itself. Sojcher otherwise denies the allegations contained in Paragraph 31 of the Complaint.

32. Sojcher states that the Policy speaks for itself. Sojcher otherwise denies the allegations contained in Paragraph 32 of the Complaint.

33. Sojcher states that the "Renewal Application for MBA Lawyers Professional Liability Insurance Claims Made Basis" speaks for itself. Sojcher otherwise denies the allegations contained in Paragraph 29 of the Complaint.

34. Sojcher states that the "Renewal Application for MBA Lawyers Professional Liability Insurance Claims Made Basis" speaks for itself.

35. Sojcher states that the "Renewal Application for MBA Lawyers Professional Liability Insurance Claims Made Basis" speaks for itself.

36. Sojcher denies the allegations contained in Paragraph 36 of the Complaint.

37. Sojcher admits that he disclosed to Continental matters pending against him with the Massachusetts Board of Bar Overseers.

38. Sojcher admits that Continental requested that he provide it with information relating to the bar complaints filed against him that he has complied with this request by providing Continental with copies of requested information that is contained in his files.

39. Sojcher admits the allegations contained in Paragraph 39 of the Complaint.

40. Sojcher admits the allegations contained in Paragraph 40 of the Complaint.

41. Sojcher denies the allegations contained in Paragraph 41 of the Complaint.

42. Sojcher denies the allegations contained in Paragraph 42 of the Complaint.

43. Sojcher admits the allegations contained in Paragraph 43 of the Complaint.

44. Sojcher states that the First American and Chestnut Hill Complaints speak for themselves.

45. Sojcher denies the allegations contained in Paragraph 45 of the Complaint.

46. Sojcher admits that Continental requested that he provide it with information and that he has complied with this request by providing Continental with copies of requested information that is contained in his files. Otherwise, Sojcher is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46 of the Complaint.

47. Sojcher is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 of the Complaint.

48. Sojcher denies the allegations contained in Paragraph 48 of the Complaint.

49. Sojcher denies the allegations contained in Paragraph 49 of the Complaint.

50. Sojcher denies the allegations contained in Paragraph 50 of the Complaint.

51. Sojcher is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51 of the Complaint.

52. Sojcher restates and incorporates by reference herein the responses of Paragraphs 1 to 51 of this Answer.

53. Sojcher denies the allegations contained in Paragraph 53 of the Complaint.

54. Sojcher denies the allegations contained in Paragraph 54 of the Complaint.

55. Sojcher denies the allegations contained in Paragraph 55 of the Complaint.

56. Sojcher denies the allegations contained in Paragraph 56 of the Complaint.

57. Sojcher denies the allegations contained in Paragraph 57 of the Complaint.

58. Sojcher denies the allegations contained in Paragraph 58 of the Complaint.

59. Sojcher denies the allegations contained in Paragraph 59 of the Complaint.

60. Sojcher is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60 of the Complaint.

61. Sojcher denies the allegations contained in Paragraph 61 of the Complaint.

62. Sojcher restates and incorporates by reference herein the responses of Paragraphs 1 to 61 of this Answer.

63. Sojcher states that the Policy speaks for itself.

64. Sojcher states that the Policy speaks for itself.

65. Sojcher denies the allegations contained in Paragraph 65 of the Complaint.

66. Sojcher denies the allegations contained in Paragraph 66 of the Complaint.

67. Sojcher denies the allegations contained in Paragraph 67 of the Complaint.

68. Sojcher is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 68 of the Complaint.

69. Sojcher restates and incorporates by reference herein the responses of Paragraphs 1 to 68 of this Answer.

70. Sojcher denies the allegations contained in Paragraph 70 of the Complaint.

71. Sojcher denies the allegations contained in Paragraph 71 of the Complaint.

72. Sojcher denies the allegations contained in Paragraph 72 of the Complaint.

73. Sojcher denies the allegations contained in Paragraph 73 of the Complaint.

74. Sojcher denies the allegations contained in Paragraph 74 of the Complaint.

75. Sojcher denies the allegations contained in Paragraph 75 of the Complaint.

76. Sojcher denies the allegations contained in Paragraph 76 of the Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Continental's Complaint fails to state a claim upon which relief can be granted and Continental is therefore not entitled to any relief against Sojcher.

### Second Affirmative Defense

Continental's claims are barred by the statute of frauds.

### Third Affirmative Defense

Continental's claims are barred by the doctrines of waiver, latches, and mistake.

### Fourth Affirmative Defense

To the extent that a judgment enters in one of the underlying actions alleged in the complaint, Continental may be estopped from pursuing its claims.

## COUNTERCLAIM

1. The plaintiff-in-counterclaim, Stuart Sojcher, is an individual residing in the Commonwealth of Massachusetts.

2. On information and belief, the defendant-in-counterclaim, Continental Casualty Company, is a corporation organized and existing under the laws of the State of Illinois, with its principal place of business located in Chicago, Illinois.

3. Continental has no legitimate factual or legal basis upon which to base its claims as they are stated in the Complaint.

4. Continental has filed and served the Complaint in bad faith and in an apparent attempt to deny coverage for Sojcher in connection with claims asserted against him in two lawsuits, respectively captioned: *First American Title Insurance Co. v. Stuart H. Sojcher*, Suffolk Superior Court Case No. 06-4284 (the “First American Lawsuit”), and *Chestnut Hill Private Mortgage Co. v. Sojcher*, Suffolk Superior Court Case No. 06-4825 (the “Chestnut Hill Lawsuit”).

**Count I**
**Breach of Agreement**

5. Sojcher re-alleges and incorporates by reference herein the allegations of Paragraphs 1 to 4 of this Counterclaim.

6. Sojcher and Continental entered into an agreement whereby Continental issued to Sojcher a Lawyers’ Professional Liability Policy (the “Policy”). As a result, Continental provided insurance to Sojcher for which Sojcher paid premiums.

7. In accordance with the Policy, Continental agreed to pay all sums in excess of the deductible that Sojcher becomes legally obligated to pay as damages and claim expenses because of a claim that is made against Sojcher and reported in writing to Continental during the policy period by reason of an alleged act or omission in the performance of a legal service by Sojcher.

8. Continental has breached this agreement.

9. As a result, Sojcher has suffered damages, including interest, attorney’s fees, and costs.

**Count II**
**Violation of Ch. 93A and 176D**

10. Sojcher re-alleges and incorporates by reference herein the allegations of Paragraphs 1 through 9 of this Counterclaim.

11. Continental is engaged in the business of insurance.

12. M.G.L. Ch. 176D, § 2 states:

> No person shall engage in this commonwealth in any trade practice which is defined in this chapter as, or determined pursuant to section six of this chapter to be, an unfair method of competition or an unfair deceptive act or practice in the business of insurance.

13. Continental has engaged in unfair or deceptive acts or practices in the business of insurance, including but not limited to:

a. attempting to rescind the Policy and relieve itself of all obligations owed to Sojcher under the Policy;

b. attempting to deny coverage for Sojcher in connection with the First American Lawsuit and Chestnut Hill Lawsuit;

c. attempting to relieve itself of its duty to defend Sojcher in connection with the First American Lawsuit and Chestnut Hill Lawsuit;

d. failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under the Policy;

e. failing to promptly investigate claims arising under insurance policy;

f. refusing to pay claims without conducting a reasonable investigation based upon all available information;

g. failing to affirm or deny coverage of claims within a reasonable time;

h. failing to effectuate prompt, fair and equitable settlements of claims;

i. compelling insured to institute and defend himself in litigation to recover amounts and coverage due under the Policy;

j. failing to provide promptly a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim.

14. Continental's actions constitute unfair and deceptive acts or practices in violation of M.G.L. Ch. 93A and Ch. 176D.

15. Continental carried out, and continues to carry out, these acts and practices in willful and knowing violation of M.G.L. Ch. 93A and Ch. 176D.

16. As a result, Sojcher has sustained damages, including costs and interest.

**Count III**
**Breach of Implied Covenant of Good Faith and Fair Dealing**

17. Sojcher re-alleges and incorporates by reference herein the allegations of Paragraphs 1 to 16 of this Counterclaim.

18. Implied in Sojcher and Continental's agreement was a covenant of good faith and fair dealing.

19. Continental's above-described conduct constitutes a breach of the implied covenant of good faith and fair dealing.

20. As a result, Sojcher has sustained damages, including costs and interest.

**JURY DEMAND**

Defendant claims a trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant demands judgment as follows:

(A) Award Sojcher his damages, trebled, attorneys' fees, costs, and interest;

(B) Dismiss Plaintiff's Complaint with prejudice; and

(C) Order such other and further relief as this Court deems just and proper.

STUART H. SOJCHER,

By his attorneys,

/s/ Michael V. Parras, Jr.

Ronald W. Dunbar, Jr., BBO No. 56023
Michael V. Parras, Jr., BBO No. 661298
Dunbar Law P.C.
10 High Street, Suite 700
Boston, MA 02110
(617) 244-3550

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the EFC system will be sent electronically to the registered participants as identified on the Notice of Electronic filing (NEF) and paper copies will be sent to those indicated as non-registered participants on November 20, 2007.

/s/ Michael V. Parras, Jr.
Michael V. Parras, Jr.